### Abram Goodenow vs. Van Vechten Livingston et. al.

#### Taxation of Costs.

On a motion to change the venue, where the usual rule is entered, *denied:* the costs of opposing the motion abides the event, and are taxable in the general costs of the cause.

Witnesses' fees for attendance before a commissioner to take foreign testimony are not allowed; the commissioner is not a court or officer within the meaning of the statute.

Services rendered under the act of 1840, and not taxable under that act, may be allowed and taxed under the amendatory act of 1844, if the same services are provided for in the act of 1844, *and the costs are taxed since the act of* 1844 *was passed.* (See the following case appended in a note.)

*Motion by defendants for retaxation of plaintiff's bill of costs.*—The bill of costs in this cause was taxed by William Seymour, Esq., Supreme Court Commissioner, Binghamton, N. Y., on written objections made by defendant's attorneys to items marked and numbered on the copy bill.

§ 1st. *Copy Narr for Sheriff to return,* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 1·25

§ 2d. *Counsel perusing and amending Narr,* (being special)　2·00
The suit was commenced by declaration in March 1843, and was insisted it was therefore not taxable.

§ 3d. *Draft interrogatories under second order,* _ _ _ _ _ _ _ _ _ _ _ _ 2·50
It was objected there was but one order. It was answered, that in consequence of defendants' attorneys not settling the first interrogatories according to agreement, the foreign witnesses were procured at the circuit personally. Afterwards other witnesses were included in the commission, and other and different interrogatories prepared and settled.

§ 4th. *Copy int. to serve,* $1. *Do. to attach to commission,* $1.　2·00
Same objections as last.

§ 5th. *Counsel perusing and amending 2d interrogatories,* _ _ _ _　2·00
It was objected that there was one charge in the bill for the same thing, that only one could be allowed, that there was but one set of interrogatories used, and only one commission issued. The answer same as in the 3d.

§ 6th. *Obtaining order and stipulation for 2d commission,* _ _　2·00
It was objected it was not taxable, and there was no such service rendered. Same answer as in 3d.

§ 7th. *The whole costs of November circuit,* 1844, (a few items
were struck out by the taxing officer) _____ _____ \_\_\_\_ \_\_  31·37
It was objected that they were not chargeable to defendants: the
defendants were compelled to go to the circuit by plaintiffs,
and the cause was not tried because plaintiff did not move it on,
and the defendants subsequently moved for judgment as in case
of non-suit, which was granted, with leave to stipulate, &c.

§ 8th. *Clerk's fees entering default,*\_\_ _____ _____ _____ \_\_\_\_        ·25
It was objected, if there was any such service it was irregular, and
was opened.   It was entered after plea served, and opened on
motion without costs.

§9th. *Costs of defending motion to change venue,* _____ _____   7·00
It was objected, that the motion was denied without costs.   It was
answered, that the rule merely said *denied,* without saying any-
thing about costs ; that the costs abide the event.

§10th. *Attendance of 4 witnesses before commissioner 2 days
each,* \_\_\_\_\_ _____ _____ _____ _____ _____ \_\_\_\_   $4·00
*Travel of same in New York* 60 *miles each,*\_\_\_\_ \_\_\_\_   9 60
                                                        ——— 13·60
It was objected that the witnesses were examined on commission
and of course could not have been·examined in this state.
There could be no charge for travel, and if there could be,
there would be no charge after the rates prescribed by the laws
of this state.

The papers showed that the commission was executed and the wit-
nesses examined in the city of Troy, (without mentioning the
state.)

R. W. PECKHAM, *Defts Counsel.*     MATTISON & DOOLITTLE, *Defts Attys.*
P. CAGGER, *Plffs Counsel.*          A. BIRDSALL, *Plffs Atty.*

BEARDSLEY, Justice.—Allowed all the items objected to, except Nos. 7,
8, and 10, which were stricken out under the objections.   The 2d item,
counsel perusing and amending narr, was allowed upon the former deci-
sions of this court, (one of which is appended in a note.)   In No. 10 it
was decided that witnesses attending before a commissioner to take
foreign testimony, could not be allowed fees, as the commissioner was
not a court or officer within the meaning of the statute.

*Note.*—THOMPSON vs. CRIPPEN AND ANOTHER.   Where a suit was commenced in
1843, and determined shortly previous to the amendatory act concerning costs, passed
May 4, 1844, (Session Laws of 1844, p 402) but the prevailing party did not tax his
costs until after the act had taken effect ; *held,* that its provisions were to control the
taxation, though items not allowed by the act of 1840 were thus rendered taxable.

COSTS. This suit was commenced in 1843, and was determined in favor of the defendants a short time previous to the act of May 4th, 1844, (Sess. L. of 1844, p. 402,) but their costs were taxed afterwards.

The bill contained a charge for " *Counsel attending prepared to try*," &c. $3 ; which was objected to, but allowed by the taxing officer.

*J. W. Thompson*, for the plaintiff, now moved for a retaxation, insisting that no counsel fee was allowable for a circuit at which the cause was not tried. He cited *Ittick vs. Whitney*, (4 Hill, 54.)

*N. Hill Jr.* for the defendants relied upon the second section of the act of May 4th, 1844, which expressly allows a counsel fee for *attending prepared* to try &c. He contended that as the taxation in the present case took place since the passage of the act mentioned, its provisions were applicable, notwithstanding the suit was determined before.

*Nelson, Chief Justice.*—Decided that the charge in question was taxable. Motion denied.